UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWESI MUHAMMAD,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHAN MENDEZ,<br><br>    Defendant. | Case No. 23-cv-00789-AMO (PR)<br><br>**ORDER GRANTING MOTION TO SCREEN AMENDED COMPLAINT; PARTIALLY DISMISSING WITH LEAVE TO AMEND CLAIMS AGAINST DOE DEFENDANTS; AND SETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 3 |

## I.   INTRODUCTION

Plaintiff Kwesi Muhammad filed this civil action in the Monterey County Superior Court, *Muhammad v. Mendez*, Case No. 22CV003851, stemming from alleged state and federal constitutional violations relating to a Correctional Training Facility ("CTF") prison officer's failure to deliver Muhammad's legal mail, which caused him to miss a court deadline. Muhammad subsequently filed a First Amended Complaint ("FAC") in state court. Dkt. 3-1 at 2-35 (Defs.' Ex. A). In his FAC, Muhammad names the following CTF officials: Correctional Officer Stephan Mendez and "Doe Defendants 1 through 5." *Id.* at 1, 3.[1] He seeks monetary and punitive damages. *Id.* at 10.

Defendant Mendez removed the action to this Court pursuant to 28 U.S.C. § 1441(b). Defendant Mendez, who is represented by the State Attorney General's Office,[2] filed a motion

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Muhammad.

[2] Deputy Attorney General Hannah Park represents and has acknowledged service on behalf of Defendant Mendez.

asking the Court to screen the FAC under 28 U.S.C. § 1915A. Dkt. 3. Therein, Defendant Mendez additionally requests "thirty days to respond to the operative complaint, from the date of the service of the screening order" "[i]n the event that the screened [FAC], or any portion thereof, survives[.]" *Id.* at 2. The Court GRANTS the motion to screen the FAC and directs the parties to abide by the briefing schedule outlined below.

The Court now conducts its initial review of the FAC pursuant to 28 U.S.C. § 1915A. Venue is proper because the events giving rise to Muhammad's claims in his FAC are alleged to have occurred at CTF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II.      DISCUSSION

### A.      Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.      Legal Claims

#### 1.      Claims Against Named Defendant Mendez

Muhammad alleges two claims for violations of his rights under 42 U.S.C. § 1983, specifically the First and Fourteenth Amendments to the United States Constitution. Dkt. 3-1 at 1, 4-8. He also alleges the following state law claims: two claims for a violation of Article 1 under the California Constitution; one claim for a violation of the California Penal Code § 2601; and one claim for negligence. The claims stem from Defendant Mendez's failure to deliver Muhammad's

legal mail on December 31, 2021, which caused him to miss a deadline with the courts. *Id.* at 4-5.

It is well established that prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). Liberally construed, Muhammad's allegations that Defendant Mendez failed to deliver his incoming legal mail appears to state a cognizable § 1983 claim for violation of the First Amendment.

Prisoners have a constitutional right to be afforded "'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). This right applies to prisoners' challenges to their convictions or sentences or their conditions of confinement. *See id.* at 355. Prison officials may not "actively interfer[e] with inmates' attempts to prepare legal documents or file them." *Id.* at 350 (citations omitted). In order to state a cognizable claim for denial of access to the courts, a prisoner must allege an actual injury. *Id.* at 349-50. Specifically, the prisoner must allege that interference by prison officials hindered his or her efforts to pursue a legal claim. *Id.* at 351. Even if the prisoner makes this showing, the denial of access claim will fail if the hindrance of the prisoner's access to court was reasonably related to legitimate penological interests. *See id.* at 361 (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Here, Muhammad claims that Defendant Mendez's "failure to issue [Muhammad] his mail from the Court of Appeals caused [him] to miss his deadline to file a writ of certiorari in the United States Supreme Court, thus violating [his] right to access the courts guaranteed by the federal and state Constitutions, and [California] Penal Code § 2601(d)." Dkt. 3-1 at 5 (brackets added). Therefore, Mohammad has also stated a cognizable claim for denial of access to the courts against Defendant Mendez.

As mentioned above, Muhammad asserts supplementary state law claims relating to the aforementioned actions of Defendant Mendez. The federal supplemental jurisdiction statute provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

1  Liberally construed, Muhammad's allegations satisfy the statutory requirement. Accordingly, the
2  Court will exercise supplemental jurisdiction over the aforementioned state law claims.

### 2. Claims Against Doe Defendants

As to the remaining Doe Defendants in the FAC—"Doe Defendants 1 through 5"—Muhammad fails to set forth specific facts showing how these Doe Defendants violated a federally protected right, e.g., Muhammad lists "Doe Defendants 1 through 5" in his FAC, but fails to identify these Doe Defendants or specifically state how they actually and proximately caused the deprivation of the federally protected rights of which he complains. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). If Muhammad wishes to add these individuals as defendants, then he must set forth specific facts showing how these Doe Defendants actually and proximately caused the deprivation of a federally protected right, and he must also provide to the court the names of these Doe Defendants. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corr.*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Muhammad's claim against "Doe Defendants 1 through 5" is DISMISSED with leave to amend for him to provide to the Court the names of these Doe Defendants or, if the names are not presently known, to provide specific facts about these Doe Defendants to explain how each of these individuals was involved in the deprivation of his federally protected rights. The Court further notes that if Muhammad names these individuals in a second amended complaint, he must link them to his claims by listing them clearly and describing each Doe Defendant (including any physical characteristics and their occupation, if possible) to the best of his abilities. Failure to do so will result in dismissal of these Doe Defendants without prejudice to Muhammad filing a new action against them.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendant Mendez's motion asking the Court to screen the FAC under 28 U.S.C. § 1915A is GRANTED. Dkt. 3.

2. Muhammad's allegations relating to Defendant Mendez's failure to deliver incoming legal mail and denial of access to the courts appear to state cognizable § 1983 claims for violations of the First and Fourteenth Amendments.

3. The Court will exercise supplemental jurisdiction over Muhammad's state law claims relating to the actions of Defendant Mendez.

4. The Court DISMISSES with leave to amend Muhammad's claim against "Doe Defendants 1 through 5." If Muhammad chooses to file a second amended complaint ("SAC"), he must file the SAC within **twenty-eight (28) days** of the date of this Order. The SAC must include the caption and civil case number used in this Order, Case No. 23-cv-00789-AMO (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. Muhammad must use the Court's complaint form and answer all the questions on the form in order for the action to proceed. Because the SAC completely replaces the previous complaints, Muhammad must include in his SAC *all* the claims he wishes to present, including any amended claims (i.e., his claim against these Doe Defendants) as well as the federal and state law claims against Defendant Mendez, which the Court has found to be cognizable. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Muhammad may not incorporate material from the prior complaints by reference. Failure to file a SAC in accordance with this Order in the time provided will result in the following: (1) the dismissal of Muhammad's claim against the Doe Defendants—"Doe Defendants 1 through 5"; (2) the FAC (Dkt. 3-1) remaining the operative complaint; and (3) this action proceeding in accordance with this Order.

5. No later than **thirty (30) days** from the date of this Order, the defendant shall answer the FAC in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

   a. No later than **sixty (60) days** from the date their answer is due, the

1   defendant shall file a motion for summary judgment or other dispositive motion.  The motion must

2   be supported by adequate factual documentation, must conform in all respects to Federal Rule of

3   Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

4   the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[3] notice

5   so that the plaintiff will have fair, timely and adequate notice of what is required of him in order to

6   oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out

7   in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss

8   for failure to exhaust available administrative remedies must be accompanied by a similar notice.

9   However, the Court notes that under the new law of the circuit, in the rare event that a failure to

10  exhaust is clear on the face of the FAC, the defendant may move for dismissal under Rule 12(b)(6)

11  as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino*

12  *v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119

13  (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the

14  Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an

15  unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is not clear on the face of the

16  FAC, the defendant must produce evidence proving failure to exhaust in a motion for summary

17  judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable to the

18  plaintiff shows a failure to exhaust, the defendant is entitled to summary judgment under Rule 56.

19  *Id.*  But if material facts are disputed, summary judgment should be denied and the district judge

20  rather than a jury should determine the facts in a preliminary proceeding.  *Id.* at 1168.

21          If the defendant is of the opinion that this case cannot be resolved by summary judgment,

22  the defendant shall so inform the Court prior to the date the summary judgment motion is due.  All

23  papers filed with the Court shall be promptly served on the plaintiff.

24              b.      The plaintiff's opposition to the dispositive motion shall be filed with the

25  Court and served on the defendant no later than **twenty-eight (28) days** after the date on which the

26  defendant's motion is filed.

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

6

1      c.      The plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your FAC says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

The plaintiff also is advised that—in the rare event that the defendant argues that the failure to exhaust is clear on the face of the FAC—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your FAC insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse the defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

        d.      The defendant shall file a reply brief no later than **fourteen (14) days** after the date the plaintiff's opposition is filed.

        e.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to the defendants to depose the plaintiff and any other necessary witnesses confined in prison.

7.      All communications by the plaintiff with the Court must be served on the defendant's counsel by mailing a true copy of the document to them.

8.      It is the plaintiff's responsibility to prosecute this case.  The plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

9.      Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

10.      This Order terminates Docket No. 3.

**IT IS SO ORDERED.**

Dated: September 27, 2023

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

8